TODD BOLEY, No. 68119
ANDREW W. NOBLE, No. 245993
ERICKSON, BEASLEY & HEWITT LLP
483 Ninth Street, Suite 200
Oakland, California 94607
Telephone: (510) 839-3448; Fax: (510) 839-1622

Attorneys for Defendants
County of Alameda, Charles Plummer, Leendert Verburg, Michael Giammalvo, James Russell, Sean Osborne and Gina Livensparger

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS PATTON and ELIJAH KING-WRIGHT, | Case No. C06-04108 MJJ |
| Plaintiffs, | **STIPULATION FOR PROTECTIVE ORDER AND ORDER THEREON** |
| v. | Trial Date: None Set |
| COUNTY OF ALAMEDA, a governmental entity; et al., | Judge: Martin J. Jenkins |
| Defendants. | |

WHEREAS, discovery in the above captioned case (the "Litigation") is ongoing; and

WHEREAS, information and documents which may be sought in discovery and which may be exchanged among the parties and their respective counsel may be of a confidential, private and/or proprietary nature and one of the purposes of the order is to protect the confidentiality of such information;

IT IS HEREBY STIPULATED between plaintiffs LOUIS PATTON and ELIJAH KING-WRIGHT ("Plaintiffs") and defendants COUNTY OF ALAMEDA, CHARLES PLUMMER, LEENDERT VERBERG, MICHAEL GIAMMALVO, JAMES RUSSELL, SEAN OSBORNE, and GINA LIVENSPARGER ("Defendants") by and through their respective counsel, as follows:

/ / /

/ / /

1. Any "document" (defined herein as including documents, exhibits, answers to interrogatories, responses to requests for admissions and deposition transcripts) produced either by a party or by a nonparty to or for any of the parties shall be governed by this stipulation and protective order if it contains or comprises confidential or personal information relating to any individual.

2. Any document produced by any party or nonparty as part of discovery in this action can be designated by said producing entity as "Confidential." Absent a specific order by this Court, such information, once designated as such, shall be used by the parties solely in connection with the above-captioned proceeding, and not for any other purpose or function and such information shall not be disclosed to anyone except as provided herein. Any of the following documents shall be defined as "confidential" without the necessity of a prior designation:

   a. Any personnel file and/or personnel record produced by Defendants; and

   b. Any Internal Affairs file and/or record produced by Defendants.

3. Any party or nonparty wishing to comply with the provisions of this stipulation and protective order shall designate the documents, or portions thereof, which are considered confidential at the time such documents are produced by marking them "Confidential" or by notifying counsel for all parties to whom documents have been produced within ten (10) days of production that a particular document that has been produced is designated "Confidential." For deposition testimony, the witness or his counsel shall invoke the provisions of the stipulation and protective order by stating on the record during the deposition that testimony given at the deposition is designated "Confidential" or by designation of the deposition transcript, or portions thereof, as "Confidential" within fourteen (14) days after counsel receives the deposition transcript. No person shall attend portions of the depositions designated "Confidential" unless such person is an authorized recipient of documents containing such confidential information under the terms of the stipulation and protective order. Any court reporter who transcribes testimony in this action at a deposition shall agree that all "Confidential" testimony is and shall remain confidential and shall not be disclosed except as provided in this stipulation and order, and that copies of any transcript, reporter's notes or any other transcription records of any such testimony will be retained in absolute confidentiality and

1  safekeeping by such shorthand reporter or delivered to attorneys or record or filed under seal with
2  the court. All material that counsel designates as "Confidential" shall conform to the requirements
3  of FRCP Rule 26(c). Counsel shall not designate any material as "Confidential" without first
4  making a good faith determination that protection is warranted.

5    4. Documents marked "Confidential," or copies or extracts therefrom and the information
6  therein, may be given, shown, made available to, or communicated in any way only to parties,
7  including an officer, director, manager, supervisor, or in-house counsel of a party; counsel for the
8  parties, including certified law students, or an employee of such counsel to whom it is necessary that
9  the material be shown for purposes of this litigation; other employees of a party for the sole purpose
10 of working directly on the litigation; and third party consultants and independent experts to whom
11 it is necessary that the material be shown for purposes of this litigation.

12   5. If an attorney for any party in this litigation desires to give, show, make available or
13 communicate any document marked "Confidential" to any person who is not specifically authorized
14 to have access to such document pursuant to paragraph 4, the requesting attorney will disclose to the
15 attorney for the party who produced the document the name of the person to whom disclosure of the
16 document is sought. The attorneys will then have ten days to negotiate the terms of disclosure to that
17 person and, if no agreement can be reached, the requesting attorney may seek leave of court on notice
18 to make the disclosure in question.

19   6. Each person permitted by the parties or their counsel to have access to documents marked
20 "Confidential" pursuant to terms of this stipulation and order shall, prior to being afforded such
21 access, be shown the stipulation and protective order and shall sign an agreement in the form
22 attached hereto as Exhibit "A" stating that he or she has read and understands its terms and shall
23 abide by them. A file shall be maintained by the attorneys or record of all written agreements signed
24 by persons to whom such documents have been given, which file shall be available for inspection
25 in camera by the court upon a showing of good caused pursuant to a noticed motion.

26 ///
27 ///
28 ///

7. In addition to the foregoing restrictions on access to documents, the parties agree that no person other than counsel shall have access to the following documents:

    a. Any personnel file and/or personnel record produced by Defendants; and

    b. Any Internal Affairs file and/or record produced by Defendants.

The documents referred to in this paragraph may be revealed only to counsel of record for the plaintiff, including certified law students, or an employee of such counsel to whom it is necessary that the material be shown for purposes of this litigation; third party consultants and independent experts to whom it is necessary that the material be shown for purposes of this litigation; and any other person as to whom the parties first agree in writing, which agreement will not be unreasonably withheld.

8. Court Procedures.

    a. The parties agree that persons employed by the United States District Court for the Northern District have no duty to the parties to protect or maintain the alleged confidentiality of any information in any papers filed with the Court.

    b. For applications and motions to the court in which a party submits confidential information, all documents containing confidential material which are submitted to the court shall be filed under seal with the court in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of the action to which it pertains, an indication of the nature of the contents of the sealed envelope or other container, the word "CONFIDENTIAL" and a statement substantially in the following form:

> This envelope is sealed pursuant to order of the court, contains confidential information, and is not be opened or the contents revealed except by stipulation of counsel or by order of the court.
>
> *Louis Patton v. County of Alameda et al.*
> United States District Court for the
> Northern District, Case No. C 06-04108MJJ

///

///

///

///

STIPULATION FOR PROTECTIVE ORDER AND
ORDER THEREON      4      C06-04108 MJJ

1  The document shall indicate clearly which portions are designated to be confidential. A cop / /
2  of the stipulation and protective order shall be submitted with the lodged materials.

3  9.  The attorney for the party designating information as "Confidential" shall, in the first
4  instance, in good faith determine whether information constitutes confidential information covered
5  by the stipulation and protective order. The attorney for the receiving party is to make a good faith
6  review of the designated materials. He or she has a professional obligation to honor the designation
7  if it is clear to him or her that the materials have been properly categorized. Should the attorney for
8  the receiving party object to such confidential designation, that party must notify the producing party
9  in writing within thirty (30) days of the date of service of written responses to interrogatories or
10 requests for admissions, or thirty (30) days following the date of service or documents in response
11 to a demand for production of documents. In the case of deposition testimony and/or exhibits
12 thereto, the objecting party must notify the producing party in writing of its objection and proposed
13 alternative designation within thirty (30) days of the date of service of the producing party's
14 designation.

15 Within fifteen (15) days following the service of the objecting party's written objections (the
16 "meet and Confer Period"), the parties shall meet and confer in writing to resolve such objections.
17 If the parties resolve such objections, the information shall reflect the designation, or lack thereof,
18 as agreed by the parties. If, however, the parties are unable to resolve such objections, the producing
19 party shall, within fifteen (15) days, following the termination of the Meet and Confer Period, apply
20 to the court to classify the designated information otherwise; provided however, that any
21 information, the designation of which is subject to dispute, shall be treated as confidential subject
22 to stipulation and protective order pending further order of the court. If the producing party fails to
23 apply to the court within the allotted time, the information will be redesignated to conform to the
24 objecting party's last proposed alternative designation. The party who desires to have any document
25 accorded confidentiality shall bear the burden of proving that each such document is entitled to the
26 protection accorded to confidential documents.

27 / / /
28 / / /

1   10. Documents designated confidential pursuant to this stipulation and protective order shall be introduced into evidence only under appropriate order unless the confidentiality of such information has been removed by agreement of counsel who first made the designation or by this court in accordance with the provisions of paragraph 9 above.

11. No party shall be obligated to challenge the propriety of any designation of any "confidential" information by the other party or person and the failure to do so shall not constitute a waiver or otherwise preclude a subsequent challenge to the designation.

12. The attorneys of record for the parties are in accord with the above terms of this stipulation and protective order as acknowledged hereafter by their signatures, and have requested the court to enter this stipulation and protective order.

13. The terms of this stipulation and protective order shall apply to all manner and means of discovery, including inspection of books, records and documents.

14. This stipulation and protective order shall be effective from the date of the execution of the order.

15. Upon termination of this litigation, the originals and all copies of confidential documents shall be turned over to counsel for the party who produced such documents or disposed of in some other manner that is mutually agreeable among the parties.

16. This stipulation and protective order is entirely without prejudice to the right of anyone to apply to the court for an order modifying this stipulation and protective order in any respect. The Court retains jurisdiction for six (6) months after the termination of this action to enforce this order and, upon motion of any party hereto, to make amendments, modifications, deletions or additions to this order as the court may deem appropriate.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

17. The termination of proceedings in this action shall not thereafter relieve the parties from the obligations of maintaining the confidentiality of all material designated as confidential which is received pursuant to this stipulation and order; provided, however, that this paragraph shall not apply to any material which is or becomes publicly available.

Dated: March 20, 2007            LAW OFFICES OF GAYLA B. LIBET

                                 By: _____
                                     Gayla B. Libet, Esq.

                                 Attorneys for Plaintiffs

Dated: March 20, 2007            LAW OFFICES OF JOHN L. BURRIS

                                 By: _____
                                     John L. Burris, Esq.

                                 Attorneys for Plaintiffs

Dated: March ___, 2007           ERICKSON, BEASLEY & HEWITT LLP

                                 By: _____
                                     Todd Boley

                                 Attorneys for Defendants

## ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: 3/23/07

_____
THE HONORABLE MARTIN J. JENKINS
UNITED STATE DISTRICT COURT

Q:\Alameda County\Patton 1458\Pld\031907 Stip.Prot.Order.wpd